**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUDY GIBSON-ROBERTS, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>   vs.<br><br>SENSIO, INC.<br><br>            Defendant. | **Civil Action No.:** _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff Judy Gibson-Roberts, ("Plaintiff"), individually and on behalf of all others similarly situated, respectfully submits the following Class Action Complaint against Defendant Sensio, Inc. ("Sensio" or "Defendant"). Plaintiff makes the following allegations, except as to allegations specifically pertaining to Plaintiff, upon information and belief based on, among other things, the investigation of counsel and review of public documents.

**<u>PRELIMINARY STATEMENT</u>**

1.      When a manufacturer sells a product, it has a duty to ensure that the product functions properly and safely for its advertised use and is free from defects. Upon discovering a defect, a manufacturer must explicitly disclose the defect and either correct the defect or cease selling the product. When a product manufacturer provides a warranty, it must stand by that warranty. This case arises from Defendant's breach of its duties and rules.

2.    Plaintiff brings this action on behalf of herself and all other similarly situated persons who purchased any of the following brand and model Sensio Pressure Cookers[1] ("Recalled Pressure Cookers", "Class Pressure Cookers", or "Pressure Cookers"):

**Electric pressure cookers:**

| *Bella* | *Bella Pro Series* | *Crux* | *Cooks* |
|---|---|---|---|
| -14467 6-Qt | -90072 6-Qt | -14721 8-Qt | - 22276 6-Qt |
| -14570 6-Qt | - 90073 8-Qt | | |
| -14595 8-Qt | | | |
| - 14682 8-Qt | | | |
| - 14710 6-Qt | | | |
| - 14718 8-Qt | | | |
| - 14719 6-Qt | | | |
| - 14780 10-Qt | | | |
| - 90073 8-Qt | | | |

**Stovetop pressure cookers:**

*Bella*

- JY-PC20US-5P 5-Qt

-JYPC24US-8P 8-Qt

- JY-PC26US-11P 12-Qt

---

[1]    https://www.cpsc.gov/Recalls/2023/Sensio-Recalls-Bella-Bella-Pro-Series-Cooks-and-Crux-Electric-and-Stovetop-Pressure-Cookers-Due-to-Burn-Hazard.

3.    Plaintiff brings this action to remedy various violations of law in connection with Defendant's manufacturing, marketing, advertising, selling and warranting of the Recalled Pressure Cookers.

4.    Specifically, these Recalled Pressure Cookers have a dangerously defective lid-locking assembly. The assembly allows a Pressure Cooker's lid to open while the cooker's contents are still under pressure, causing the super-heated contents to erupt from the cooker (in violation of UL Standard for Safety for Pressure Cookers, UL 136) and to scald consumers with second- and third-degree burns ("the Defect").

5.    On August 10, 2023, Sensio recalled nearly 860,000 of the above-referenced Recalled Pressure Cookers.[2]

6.    The allegations herein are based on personal knowledge as to Plaintiff's own experience, and are made as to other matters based on an investigation by counsel, including counsel's analysis of publicly available information.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, the relevant portion of which is codified at 28 U.S.C. §1332(d). The aggregated claims of the individual Class members exceed the sum or value of $5,000,000, exclusive of interests and costs, and this is a class action in which more than two-thirds of the proposed Plaintiff class, on the one hand, and Defendant, on the other, are citizens of different states.

8.    This Court has personal jurisdiction over Defendant because Defendant is a resident of this District, with its headquarters and principal place of business located within this District at 261 Madison Avenue, New York, NY 10016.

---

[2] https://www.dhses.ny.gov/sensio-recalls-bella-bella-pro-series-cooks-and-crux-electric-and-stovetop-pressure-cookers-due (last visited August 29, 2023).

9.      Venue is proper in this District under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Defendant sells and distributes its Pressure Cookers throughout the United States and has its principal place of business and headquarters within this District.

## PARTIES

10.      Judy Gibson-Roberts is a citizen of the State of South Carolina and resides in Blackstock, South Carolina. Blackstock is located within Chester County, South Carolina.

11.      Defendant Sensio Inc. is a Delaware corporation with its principal place of business in New York, New York. Sensio's principal place of business is 261 Madison Avenue, 25th Floor New York, New York County, New York 10016. Sensio may be served with a summons and complaint through its registered agent in the state of New York, CT Corporation System, 28 Liberty Street, New York, NY 10005, or by any other method allowed by law.

12.      Defendant designs, manufactures, markets, distributes, services, repairs, sells, and leases pressure cookers, including the Recalled Pressure Cookers, nationwide. Defendant is the warrantor and distributor of the Recalled Pressure Cookers in the United States.

13.      Through various entities, Defendant markets, distributes, warrants, and sells pressure cookers, including the Recalled Pressure Cookers, in multiple locations across the United States, including South Carolina.

## FACTUAL ALLEGATIONS

14.      In late 2016, during the holiday season, Plaintiff purchased her 8-quart Bella stovetop electric pressure cooker from her local Target retailer in Rock Hill, South Carolina.

15.      Plaintiff's pressure cooker's model number is included within Defendant's Recall.[3]

---

[3] *Id.*

16.    Based on Sensio's active and persistent promotions touting the quality of its pressure cookers and on Plaintiff's admiration of Sensio pressure cookers, Plaintiff considered Sensio a quality company with a strong reputation for producing reliable pressure cookers.

17.    In addition to relying on Sensio's general reputation, which Sensio gained through marketing and promotion, Plaintiff chose the specific model because she believed it was a high-quality pressure cooker.

18.    Plaintiff has never been informed of any recalls or defects related to her pressure cooker by anyone affiliated with Sensio; instead, she learned of the defects on social media.

19.    Since 2015, Defendant has designed, manufactured, distributed, and sold the Recalled Pressure Cookers. Defendant has sold, directly or indirectly, through dealers and other retail outlets, over 860,000 Recalled Pressure Cookers in South Carolina and nationwide.[4]

20.    As mentioned earlier and discussed in more detail below, the Recalled Pressure Cookers contain a design defect that causes a serious safety concern. That is, the locking mechanism of the Pressure Cookers' closing lid is defectively designed.

21.    Assuming that the Recall was effective and offered a true resolution, Plaintiff is still burdened with a pressure cooker that has been devalued by Defendant's actions because a pressure cooker with a known, dangerous defect is worth much less than a pressure cooker with a properly working and safe locking mechanism.

## CLASS ACTION ALLEGATIONS

22.    Plaintiff brings this action on behalf of herself and as a class action, pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3). Specifically, the class and subclass are defined as follows:

---

[4] *Id.*

**Nationwide Class:** All persons in the United States who purchased any recalled Sensio pressure cooker from September 2015 to September 2020.

**South Carolina Subclass:** All persons from South Carolina who purchased any recalled Sensio pressure cooker from September 2015 to September 2020.

23.     Together, the Nationwide Class and South Carolina Subclass will be collectively referred to as the "Class" or "Classes." Members of these Classes will be referred to as "Class Members".

24.     Plaintiff qualifies as a member of each of the proposed classes in the preceding paragraphs.

25.     Excluded from each of the putative classes is any person who falls within the definitions if the person is (i) an employee or independent contractor of Defendant; (ii) a relative of an employee or independent contractor of Defendant; (iii) an employee of the Court where this action is pending.

26.     The proposed class definitions in ¶ 22, as limited by ¶ 25, may be amended or modified from time to time.

27.     The particular members of (i) the Nationwide Class, and (ii) the South Carolina Subclass are capable of being described without difficult managerial or administrative problems. The members of the putative classes are also readily identifiable from the information and records in the possession or control of Defendant or its affiliates and agents, and from public records.

28.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

29.     The Proposed Classes are so numerous that the joinder of all members is impracticable.

30.     This action has been brought and may be properly maintained on behalf of the Classes proposed herein under Federal Rule of Civil Procedure 23.

31.     **Numerosity: Fed. R. Civ. P. 23(a)(1)** Upon information and belief, the Class is so numerous that the joinder of all members is impracticable. While the exact number and identities of individual members of the Class are unknown at this time, such information is in the sole possession of Defendant, and Plaintiff can only obtain it through the discovery process. Members of the Class may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, Electronic Mail, internet postings, social media, and/or published notice.

32.     **Typicality: Fed. R. Civ. P. 23(a)(3)** Plaintiff's claims are typical of the claims of the Class because Plaintiff purchased a pressure cooker with the same locking Defect found in all other Recalled Pressure Cookers.

33.     **Adequacy: Fed. R. Civ. P. 23(a)(4)** Plaintiff is an adequate Class representative because her interests do not conflict with the interests of the Class that she seeks to represent. Plaintiff has retained counsel competent and highly experienced in complex and class-action litigation, and she intends to prosecute this action vigorously. Plaintiff and her counsel will fairly and adequately protect the interests of the Classes.

34.     **Predominance and Superiority: Fed. R. Civ. P. 23(b)(3)** A class action is superior to all other available means for the fair and efficient adjudication of the claims of Plaintiff and Class Members, and questions of law and fact common to all Class Members predominate over questions affecting only individual Class Members. Class Members can be readily identified and notified based on, inter alia, Defendant's business records or other sources.

35.     **Common Questions of Fact and Law: Fed. R. Civ. P. 23(b)(4)** Common Questions of law and fact exist as to all members of the Class. These questions predominate over

the questions affecting individual Class Members. These common legal and factual questions include, but are not limited to:

a. Whether the Sensio Pressure Cookers that Defendant designed and sold possess a material defect;

b. Whether the Defect creates an unreasonable risk that the lid of the Sensio Pressure Cookers may be opened by the user/consumer applying less than 100 pounds of rotational force, applied gradually, while its contents are under pressure, resulting in its super-heated contents erupting from the pot and causing serious injuries by scalding the user/consumer and nearby bystanders;

 c. Whether the Defect creates an unreasonable risk that the lid of the Sensio Pressure Cookers may open spontaneously while its contents are under pressure, resulting in its super-heated contents erupting from the pot and causing serious injuries by scalding the use/consumer and nearby bystanders;

d. Whether Defendant knew or should have known that the Sensio Pressure Cookers possessed the Defect at the time of sale;

e. Whether Defendant omitted to disclose the Defect;

f. Whether Defendant concealed the Defect, once it knew of the Defect;

g. Whether Defendant breached express warranties relating to the Sensio Pressure Cookers;

h. Whether Defendant breached implied warranties of merchantability relating to the Sensio Pressure Cookers;

i. Whether Defendant violated the Magnusson-Moss Warranty Act;

j. Whether Plaintiff and Class Members are entitled to damages;

k. Whether Plaintiff and Class Members are entitled to replacement or repair of their defective Sensio Pressure Cookers;

l. Whether Plaintiff and Class Members are entitled to restitution of the purchase price they paid for their defective Sensio Pressure Cookers; and,

m. Whether Plaintiff and Class Members are entitled to other equitable relief, including an injunction requiring that Defendant engage in a corrective notice campaign and/or a recall.

## CAUSES OF ACTION

### COUNT I
### BREACH OF EXPRESS WARRANTY

36.    Plaintiff incorporates paragraphs 1-35 as if fully set forth herein.

37.    Plaintiff brings this count on behalf of herself and the Classes.

38.    Plaintiff and other Class Members formed a contract with Defendant at the time they purchased their Recalled Pressure Cookers. The terms of the contract include Defendant's promises, affirmations of fact, and express warranties.

39.    The terms of the contract include the promises and affirmations of fact that Defendant made on the Recalled Pressure Cookers' packaging and through marketing and advertising, as described above.

40.    This labeling, marketing, and advertising constitute express warranties, and they became part of the basis of the bargain and are part of the standardized contract between Plaintiff and the Class Members, on the one hand, and Defendant, on the other.

41.    As set forth above, Defendant purports through its advertising, labeling, marketing, and packaging, to create an express warranty that the Recalled Pressure Cookers are safe for their intended use.

42.    Plaintiff and the Class Members performed all conditions precedent to

Defendant's liability under this contract when they purchased the Recalled Pressure Cookers.

43.     Defendant breached express warranties as to the Recalled Pressure Cookers and their qualities, because Defendant's Recalled Pressure Cookers contained defects rendering them unsafe for their intended use. Thus, the Recalled Pressure Cookers do not conform to Defendant's affirmations and promises described above.

44.     Neither Plaintiff nor any of the Class Members would have purchased the Recalled Pressure Cookers had they known the true nature of the Defect.

45.     Due to Defendant's breach of warranty, Plaintiff and Class Members suffered and continue to suffer financial damage and injury, and are entitled to all damages, in addition to costs, interest, and fees, including attorneys' fees, as allowed by law.

46.     Plaintiff suffered injury through Defendant's conduct because she suffered economic loss and purchased a pressure cooker that is now worthless and unsafe.

## COUNT II
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

47.     Plaintiff incorporates Paragraphs 1-35 as if fully set forth herein.

48.     Plaintiff brings this count on behalf of herself and the Classes.

49.     Defendant is a merchant and was at all relevant times involved in the distributing, warranting, and/or selling of the Recalled Pressure Cookers.

50.     The Recalled Pressure Cookers are "goods" under the relevant laws, and Defendant knew or had reason to know of the specific use for which the Recalled Pressure Cookers, as goods, were purchased.

51.     Defendant entered into agreements with consumers to sell the Recalled Pressure Cookers for Plaintiff's and Class Members' personal use.

52.     The implied warranty of merchantability included with the sale of each Class Pressure Cooker means that Defendant guaranteed that the Recalled Pressure Cookers would be fit for the ordinary purposes for which pressure cookers are used and sold, and would not be otherwise injurious to consumers. The implied warranty of merchantability is a critical part of the basis for the benefit of the bargain between Defendant, on the one hand, and Plaintiff and the Class Members, on the other.

53.     Defendant breached the implied warranty of merchantability because the Recalled Pressure Cookers are not fit for their ordinary purpose of safe cooking. After all, Defendant did not indicate that the Recalled Pressure Cookers would contain a hazardous locking-mechanism Defect.

54.     Given that Plaintiff and Class Members are unable to safely use the Recalled Pressure Cookers without risk of severe burns or injury, the Recalled Pressure Cookers are not fit for their particular purpose of safe cooking.

55.     Defendant's warranty expressly applies to the purchaser of the Recalled Pressure Cookers, creating privity between Defendant and Plaintiff and Class Members.

56.     Privity, although created, is not required because Plaintiff and Class Members are the intended beneficiaries of Defendant's warranties and sales. Defendant's warranties were designed for and intended to benefit the consumer only, including Plaintiff and Class Members.

57.     Defendant had sufficient notice of its breaches of implied warranties associated with the Recalled Pressure Cookers. Defendant was put on actual notice of its breach through the contract between Plaintiff and Class Members and Defendant, and through its review of consumer complaints. In addition, Defendant's own Recall demonstrates actual notice.

58.     Had Plaintiff, Class Members, and the consuming public known that the Recalled Pressure Cookers had a defective locking mechanism, they would not have purchased the Recalled Pressure Cookers, or they would have paid less for the Pressure Cookers.

59.     As a direct and proximate result of the foregoing, Plaintiff and the Classes suffered and continue to suffer financial damage and injury, and are entitled to all damages, in addition to costs, interest, and fees, including attorneys' fees, as allowed by law.

60.     Plaintiff suffered injury because she purchased a worthless pressure cooker. For all intents and purposes, Plaintiff's pressure cooker is now a notoriously unsafe pressure cooker with a dangerous locking mechanism.

61.     Plaintiff also suffered economic loss because, as a result of Defendant's Recall, Plaintiff's pressure cooker's value is now diminished relative to the price paid for such .

62.     Plaintiff has suffered damages in that Plaintiff has been inconvenienced by Defendant's Recall and accompanying refund or replacement. Plaintiff did not bargain for, or pay for, a pressure cooker with a hazardous locking mechanism.

**COUNT III**
**VIOLATION OF THE MAGNUSON MOSS WARRANTY ACT (15 U.S.C. § 2301 ET SEQ.)**

63.     Plaintiff incorporates Paragraphs 1-35 as if fully set forth herein.

64.     Plaintiff brings this count individually and on behalf of the Classes.

65.     Plaintiff is a "consumer" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 ET SEQ ("MMWA").

66.     Defendant is a "supplier" and "warrantor" with the meaning of the MMWA.

67.     The Recalled Pressure Cookers are "consumer products" within the meaning of the MMWA.

68.    15 U.S.C. § 2301(d)(1) provides a cause of action for any consumer damaged by a warrantor's failure to comply with a written or implied warranty.

69.    Defendant's express warranties are written warranties within the meaning of the MMWA.

70.    Defendant breached its warranties by offering for sale and selling the Class Pressure Cookers, which were by design and construction defective and unsafe due to the Defect.

71.    Defendant's actions subjected Plaintiff and the Class to danger; those actions also caused monetary damages, because the Recalled Pressure Cookers are inherently worth less than they would have been without the locking-mechanism Defect.

72.    Additionally, Plaintiff and the Class Members suffered damages in that they have been greatly inconvenienced by this Recall.

73.    Defendant has breached and continues to breach its written and implied warranties of safety and reliability, thereby damaging Plaintiff and the Classes, when the pressure cookers fail to perform due to the Defect.

74.    Due to these breaches, Plaintiff and the Classes have suffered damages.

75.    Plaintiff and the Classes seek full compensatory, punitive, and consequential damages as allowed by law, and any other relief to which Plaintiff and the Classes may be entitled.

76.    Plaintiff and the Classes suffered injury through Defendant's conduct because Plaintiff and the Classes are now owners of pressure cookers that are worth significantly less, given the Defect and the notoriety thereof.

### COUNT IV
### NEGLIGENT DESIGN DEFECT

77.    Plaintiff incorporates Paragraphs 1-35 as if fully set forth herein.

78.    Plaintiff brings this claim against Defendant on behalf of herself and the Classes.

79.    Defendant owed Plaintiff and the Classes a duty to reasonably and safely design, manufacture, market, and sell the Recalled Pressure Cookers.

80.    Defendant breached this duty by defectively designing and manufacturing the Recalled Pressure Cookers, thus rendering the pressure cookers neither fit nor suitable for their intended purposes.

81.    Additionally, Defendant's defective design caused monetary damages to Plaintiff and the Classes because the Recalled Pressure Cookers now are worth less than they were before the Defect became known, given the notoriety of the Defect.

82.    Defendant did not exercise due care in the production of the Recalled Pressure Cookers. Defendant's design malfunctions horribly, while many other locking mechanisms, in all sorts of similar existing pressure cookers, do not have this Defect.

83.    Plaintiff suffered injury through Defendant's conduct because she suffered economic loss when she purchased a pressure cooker that is now worthless and unsafe.

84.    The design of the Recalled Pressure Cookers' defect is unacceptable, because other pressure cookers produced by other companies and manufacturers work properly and do not have this same defect. In fact, Defendant has produced other pressure cookers without similar defects.

## COUNT V
## FRAUD BY OMISSION OR FRAUDULENT CONCEALMENT

85.    Plaintiff incorporates Paragraphs 1-35 as if fully set forth herein.

86.    Plaintiff brings this count on behalf of herself and the Classes.

87.    Defendant knew that the Recalled Pressure Cookers suffered from an inherently defective locking mechanism, were defectively designed and/or manufactured, and were not suitable for their intended use. Defendant designed, engineered, and produced the Recalled Pressure Cookers; therefore, it created the Defect and knew of that Defect.

14

88.     Defendant concealed from and failed to disclose the defective nature of the Recalled Pressure Cookers to Plaintiff and Class Members.

89.     The fact that Defendant's Recalled Pressure Cookers contained the locking-mechanism Defect is a material fact, because the lid-locking mechanism is the most critical safety device on pressure cookers.

90.     The lid-locking mechanism of Recalled Pressure Cookers is utterly critical because it is the very mechanism that keeps steam, heat, and the pressurized contents from being spontaneously released.

91.     Defendant knew of the falsity of the safety of the locking mechanism and/or recklessly disregarded the truth or falsity of the Defect's dangerous nature.

92.     Defendant intended for Plaintiff to act upon such falsity as part of Defendant's commercial operations to sell pressure cookers.

93.     Plaintiff and Class Members would not have purchased the Recalled Pressure Cookers had they known of the Defect. Plaintiff and the Class did not know of the Defect; in purchasing the Recalled Pressure Cookers, they relied upon Defendant's false presentation of safety.

94.     Plaintiff did not know of and could not have discovered the Defect, unless Plaintiff were to disassemble the Class Pressure cooker and inspect the locking mechanism. This possibility exists outside of reality because—even if such a possibility would occur to an ordinary consumer—it is highly improbable that any pressure-cooker retailer would allow for such intensive inspection.

95.     Defendant had a duty to disclose the defective nature of the Recalled Pressure Cookers to Plaintiff and Class Members, because:

a.    Defendant was in a superior position to know the true state of facts about the locking-mechanism Defect in the Recalled Pressure Cookers;

b.    The omitted facts were material because they directly impact the safety of the Class Pressure Cookers;

c.    Defendant knew the omitted facts regarding the defect were not known to or reasonably discoverable by Plaintiff and Class Members;

d.    Defendant actively concealed the defective nature of the Recalled Pressure Cookers from Plaintiff and Class Members.

96.    The facts concealed or not disclosed by Defendant to Plaintiff and the other Class Members are material. A reasonable person would have considered those facts to be important in deciding whether to purchase or lease Defendant's Recalled Pressure Cookers or to pay a lesser price for them. Specifically, whether a pressure cooker becomes dangerous and inoperable when the locking mechanism fails is a material safety concern, given the inherent burn risk with hot, pressurized contents.

97.    Had Plaintiff and Class Members known about the Defect, they would not have purchased the Recalled Pressure Cookers or would have paid less for them.

98.    Defendant concealed, or failed to disclose, the true nature of the design and/or manufacturing defects contained in the Recalled Pressure Cookers, in order to induce Plaintiff and Class Members to act thereon. Plaintiff and the other Class Members justifiably relied on Defendant's omissions to their detriment, as evident from Plaintiff's and Class Members' purchase of the Recalled Pressure Cookers.

99.    As a direct and proximate result of Defendant's misconduct, Plaintiff and Class Members have suffered and will continue to suffer actual damages. Plaintiffs and the Class reserve

their right to elect either to (a) rescind their purchase of the Defective Pressure Cookers and obtain restitution or (b) affirm their purchase of the Defective Pressure Cookers and recover damages.

100.    Defendant's acts were done maliciously, oppressively, deliberately, with intent to defraud, and to enrich Defendant in reckless disregard of Plaintiff's and the Class's rights and well-being. Defendant's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

101.    Plaintiff suffered injury through Defendant's conduct in that she suffered economic loss and purchased a worthless, unsafe pressure cooker.

## COUNT VI
### UNJUST ENRICHMENT

102.    Plaintiff incorporates paragraphs 1-35 as if fully set forth herein.

103.    Plaintiff brings this count on behalf of herself and the Classes.

104.    Plaintiff, and the other members of the Classes, conferred benefits on Defendant in the form of monies paid to purchase Defendant's worthless Recalled Pressure Cookers.

105.    Defendant voluntarily accepted and retained this benefit. Defendant has knowledge and appreciation of this benefit, which was conferred upon it by and at the expense of Plaintiff and the Class Members.

106.    Because Defendant obtained this benefit unlawfully—namely, by selling and accepting compensation for the Recalled Pressure Cookers without providing working locking mechanisms in the Recalled Pressure Cookers—it would be unjust and inequitable for Defendant to retain the benefit without paying the value thereof.

107.    Moreover, the circumstances as described further herein are such that it would be inequitable for Defendant to retain the ill-gotten benefit without paying the value thereof to Plaintiff and the Class Members.

108.    Defendant manufactured, marketed, and sold the Recalled Pressure Cookers under the guise of these Pressure Cookers being safe and operable. Instead, Defendant sold Pressure Cookers with faulty locking mechanisms that created deadly fire hazards and burn risks.

109.    Because it would be unjust and inequitable for Defendant to retain the non-gratuitous benefits conferred on it by Plaintiff and members of the Classes, Defendant must pay restitution to Plaintiff and members of the Classes for its unjust enrichment, as ordered by the Court.

**COUNT VII**
**NEGLIGENCE**

110.    Plaintiff incorporates paragraphs 1-35 as if fully set forth herein.

111.    Plaintiff brings this count on behalf of herself and the Classes.

112.    Defendant caused Recalled Pressure Cookers to be sold, distributed, marketed, promoted, and/or used by Plaintiff and the Proposed Classes.

113.    At all times relevant to this litigation, Defendant had a duty to exercise reasonable care in the design, research, marketing, advertisement, supply, promotion, packaging, sale, and distribution of Recalled Pressure Cookers, including the duty to take all reasonable steps necessary to provide effective locking mechanisms in the Recalled Pressure Cookers.

114.    Defendant breached this duty by producing Recalled Pressure Cookers with a locking-mechanism Defect. For some time, Defendant has produced other Pressure Cookers without this Defect; that in itself is evidence that Defendant did not exercise proper care in producing the Recalled Pressure Cookers. As further evidence of Defendant's lack of care, many other manufacturers produce pressure cookers with effective locking mechanisms.

115.    Accordingly, at all times relevant to this litigation, Defendant knew or, in the exercise of reasonable care, should have known, that not providing effective locking mechanisms could cause or be associated with Plaintiff's and Class Members' injuries.

116.    Defendant's alleged negligence included:

a.   Selling and/or distributing the Recalled Pressure Cookers while negligently and/or intentionally not providing effective locking mechanisms; and

b.   Systematically failing to provide consumers with locking mechanisms in multiple states.

117.    As a direct and proximate result of Defendant's negligence, Plaintiff and the Classes have suffered and will continue to suffer actual monetary damages.

118.    But for Defendant's negligent design, production, and marketing of Recalled Pressure Cookers, Plaintiff and the Classes would not be injured as they would not have purchased the worthless Recalled Pressure Cookers.

119.    Plaintiff's and Class Members' injuries were foreseeable, because at the time of purchase of Defendant's Product, Defendant had received complaints from consumers regarding failure to provide a safe and effective locking mechanism in the Recalled Pressure Cookers.

120.    Further, it is foreseeable that a pressure cooker with a defective locking mechanism would be worthless as it would be an incredibly dangerous pressure cooker to use.

121.    Due to Defendant's breach, Plaintiff and the Classes were harmed in that they now own a useless pressure cooker with a dangerous lid-locking mechanism given Defendant's confounding lack of due care in designing and producing the Pressure Cookers.

122.    Plaintiff and the Class Members seek actual damages, attorney's fees, costs, and any other just and proper relief available.

123.    Plaintiff suffered injury through Defendants conduct because she suffered economic loss by purchasing a pressure cooker that is now worthless and unsafe.

124.    Plaintiff also suffered damages because Plaintiff and the Classes have been greatly inconvenienced by Defendant's Recall.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, on behalf of herself and members of the Classes, requests that the Court enter judgment in their favor and against Defendant, awarding as follows:

A.  Certifying the Classes as proposed herein, designating Plaintiff as Class representative, and appointing undersigned counsel as Class Counsel;

B.  Declaring that Defendant is financially responsible for notifying the members of the Proposed Classes of the pendency of this action;

C.  Awarding all actual, general, special, incidental, statutory, and consequential damages to which Plaintiff and Class Members are entitled;

D.  Instituting an injunction requiring that Defendant engage in a corrective notice campaign;

E.  Scheduling a trial by jury in this action;

F.  Awarding pre- and post-judgment interest on any amounts awarded, as permitted by law;

G.  Awarding costs including reasonable attorneys' fees, court costs, and other litigation expenses; and,

H.  Any other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of all those similarly situated, hereby requests a jury trial, pursuant to Federal Rule of Civil Procedure 38, on any and all claims so triable.

Dated: September 7, 2023

Respectfully Submitted,

**THE SULTZER LAW GROUP P.C.**

By: */s/ Jason P. Sultzer*
Jason P. Sultzer, Esq.
Philip Furia, Esq.
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
sultzerj@thesultzerlawgroup.com
furiap@thesultzerlawgroup.com

-AND-

Paul J. Doolittle (*Pro Hac Vice forthcoming*)
Blake G. Abbott (*Pro Hac Vice forthcoming*)
**POULIN | WILLEY**
**ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
Tel: 803-222-2222
Fax: 843-494-5536
Email: paul.doolittle@poulinwilley.com
        blake.abbott@poulinwilley.com